UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE T. FOX, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1202 (GK) |
| ) | |
| DRUG ENFORCEMENT ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT DRUG ENFORCEMENT ADMINISTRATION'S MOTION FOR SUMMARY JUDGMENT

Defendant Drug Enforcement Administration, through counsel, respectfully moves this Court for summary judgment on the grounds that there are no material facts in genuine dispute and that defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In support of this motion, defendant respectfully submits the attached memorandum of points and authorities, a statement of material facts not in genuine dispute, and the Declaration of Adele H. Odegard, Senior Attorney, Office of Chief Counsel, Drug Enforcement Administration, Administrative Law Section with Exhibit 1. A proposed Order is also attached.

Plaintiff will please take note that the assertions contained in the accompanying declaration and other attachments in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendants' declaration and attachments. See Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7.1. Fed. R. Civ. P. 56(e) provides that:

Supporting and opposing affidavits shall be made on personal

knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney

BRENDA C. WILLIAMS
Paralegal Specialist

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE T. FOX, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1202 (GK) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT DRUG ENFORCEMENT ADMINISTRATION'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Drug Enforcement Administration, through counsel, respectfully submit this Memorandum of Points and Authorities in support of its Motion for Summary Judgment.

## I. INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in which plaintiff seeks to "enjoin the defendant from withholding records and to order the release of records in the possession of the Drug Enforcement Administration complaint." Complaint ¶ 1

In a November 18, 2004 letter, plaintiff had requested records "pertaining to the prosecution of Clarence T. Fox, Jr., and

> the informant history of Tommy Henderson, Yvette Warren, and Shannon Pollard. Also search the records of Clarence T. Fox, Jr., for arrangement of fees, or provide copies of the fee logs showing the amount of money paid to Tommy Henderson, Yvette Warren, and Shannon Pollard. Furthermore, Clarence T. Fox, Jr., is requesting a copy of all statements made by Tommy Henderson, and specifically Tommy Henderson's statement regarding his abduction, along with all statements of Yvette Warren and Shannon Pollard. Exhibit A to Plaintiff's Complaint.

Plaintiff's February 10, 2005 request was substantially similar. Exhibit B to Plaintiff's

Complaint.

On June 9, 2005, Katherine L. Myrick, Chief, Operations Unit, FOI/ Records Management Section (SARO) Drug Enforcement Administration (DEA)forwarded a letter to Plaintiff and advised the Plaintiff that the DEA neither confirmed nor denied the existence of any requested records. The letter also instructed the Plaintiff that his request, which pertained to other individuals, could not be processed unless the Plaintiff provided either proof of death or an original notarized authorization (privacy waiver) from all individuals concerned. The SARO letter further stated that without proof of death or a notarized authorization, "to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy", and cited (b)(6) and (b)(7)(C). Inasmuch as plaintiff sought records on third parties, defendant did not perform a search for documents. Declaration of Adele H. Odegard ¶¶13, 24 Exhibit 1.

Defendant submits that its assertion of the "Glomar" response was proper and defendant is entitled to summary judgment as a matter of law.

## II. STATEMENT MATERIAL OF FACTS

Defendant adopts as its Statement of Material Facts Not in Genuine Dispute, appended hereto.

## III. ARGUMENT

**A.   Standard for Summary Judgment**

Where no genuine dispute exists as to any material fact, a case should be decided on summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on

2

the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In Anderson, the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. at 327 (quoting

3

Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.[1] See Cappabianca v. Commissioner, U.S. Customs Service, 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. I.R.S., 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgement once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure.  Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure.  Hayden v. National Sec. Agency/Central Sec. Service, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology of California v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the

---

[1] For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency/Central Sec. Service, 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

4

record nor by evidence of agency bad faith.'" Trans Union LLC v. Federal Trade Com'n, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)); see also Public Citizen Inc. v. Department of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000); McGhee v. C.I.A., 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens Com'n on Human Rights v. Food and Drug Admin., 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. U.S. Food and Drug Admin., 925 F.2d 1225, 1227 (9th Cir. 1991). When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

**B.     Defendant's Glomar Response was Appropriate**

Any information responsive to the plaintiff's FOIA request that would relate to these individuals named in the plaintiff's FOIA request, if it exists, is data compiled by a law enforcement agency for law enforcement purposes. The DEA is a law enforcement agency and is a component of the United States Department of Justice. Its mission is to enforce the laws and regulations of the United States relating to illegal drugs and other controlled substances (Title 21, United States Code). *See generally* 28 C.F.R. § 0.100-101. Odegard Decl. ¶ 16.

The DEA employs a "neither confirm nor deny" response regarding requests for law enforcement information on third parties in order to protect the privacy interests of those individuals, pursuant to FOIA exemption (b)(7)(C) and the Privacy Act, 5 U.S.C. § 552a.. Merely confirming that an individual is mentioned in a DEA law enforcement records system is a disclosure under the Privacy Act. Due to the nature of the DEA's mission, such confirmation can have a stigmatizing or embarrassing effect, because it connotes either that an individual came to

the attention of the DEA due to suspicion of criminal conduct or that he or she may have assisted the DEA as an informant. As a result, simply confirming that the DEA has records on an individual in its possession would constitute an unwarranted invasion of the individual's privacy. Odegard Decl. ¶ 20. Thus, the DEA has found that this response to "neither confirm nor deny" provides the best protection of the privacy of those individuals about whom records are sought by third-party FOIA requesters. Odegard Decl. ¶ 21.

By informing the plaintiff that he was required to provide a written authorization or proof of death relating to any of the third parties about whom he sought information, the DEA provided a mechanism whereby the plaintiff could demonstrate that the privacy interests of the individuals concerned was reduced or waived. He did not do so. Consequently, there is no reason for the DEA to presume that the privacy interests of any of these individuals is diminished in any way. Odegard Decl. ¶ 22.

It is presumed that a disclosure to the FOIA requester is a disclosure to the public at large. The plaintiff sought information about others. When assessing FOIA requests, the DEA does not take into consideration the status of the requester or any asserted reason the requester seeks the information. The fact that the individuals about whom the plaintiff sought information may have been informants or may have testified against him at his trial is of no moment in assessing a balance between the plaintiff's right to access and the individuals' right to privacy. Odegard Decl. ¶ 23.

Federal courts have recognized that the mere mention of an individual's name in a law enforcement file engenders comment and carries a "stigmatizing connotation." See Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990). Thus, the above DEA's policy recognizes that, absent

an overriding public interest, even to acknowledge the existence of records pertaining to the subject of a request would be an unwarranted invasion of privacy.  See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 757 (1989); SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1206 (D.C. Cir. 1991).

A response to a FOIA request, in which an agency states that it can "neither confirm nor deny" the existence of responsive records, is popularly referred to as a "Glomar response," after a case concerning a FOIA request for records relating to an underwater sea craft called the "Glomar Explorer."  See Phillippi V. CIA, 546 F.2d 1009 (D.C. Cir. 1976).  Confirming that a third party is the subject of or mentioned in connection with a DEA investigative record is a disclosure for which release is not required by FOIA, in accordance with Exemptions (b)(6) and (b)(7)(C).  Thus, as set forth above, without a written release authorization or proof of death or an articulated public interest in the records, DEA employs the "Glomar" response when investigatory information is requested by a third party about an individual.  A Glomar response may be issued in place of a statement acknowledging the existence of responsive records but withholding them.  Nation Magazine v. United States Customs Service, 71 F 3d. 885, 893, (D.C. Cir.1995).

This Court must assess the public interest involved with the disclosure.  This interest must be assessed in light of FOIA's central purpose, which is "to open agency action to the light of public scrutiny."  Nations Magazine, supra., at p. 894 (citations omitted).  Here, there has been no showing of agency misconduct.  The public interest in disclosure refers to "open[ing] agency action to the light of public scrutiny," Reporter's Comm., 489 U.S. at 772, and "it does not include helping an individual obtain information for his personal use," id. (quoting Mays v.

7

DEA, 234 F.3d 1324, 1327 (D.C. Cir. 2000).  Here, there has been no showing by plaintiff that the requested information is of public interest.  On these facts, there can be but one inference drawn - that all information requested by plaintiff, if it existed, would fall squarely within exemptions (b)(6) and (b)(7)(C) and should not be disclosed.

Thus, except where the third-party subject is deceased, provides a written waiver of his privacy rights, or is recognized officially as the subject of an investigation, an enforcement agency, like DEA, should do exactly what was done here - i.e., categorically "glomarize" the third party request by refusing either to confirm or deny the existence of responsive records in order to protect the privacy interest of those who may be the subject of or mentioned in investigatory files.  See Antonelli v. FBI, 721 F.2d 615, 617 (7th Cir. 1983).  Accordingly, defendant acted appropriately in responding to plaintiff's request, i.e., refusing to confirm or deny the existence of any records.

## IV.  CONCLUSION

Defendant Drug Enforcement Administration has demonstrated that its assertion of the "Glomar" response is appropriate and that summary judgment should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney


WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney

BRENDA C. WILLIAMS
Paralegal Specialist

BRENDA C. WILLIAMS
Paralegal Specialist

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE T. FOX, JR., )<br> )<br>          Plaintiff, )<br> )<br>    v. )<br> )<br>DRUG ENFORCEMENT ADMINISTRATION, )<br> )<br>          Defendant. )<br> )<br>_____) | Civil Action No. 05-1202 (GK) |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCvR 7.1(h), Defendant Drug Enforcement Administration, respectfully submits this statement of material facts as to which there is no genuine dispute. The Declaration of Adele H. Odegard, Senior Attorney, Office of Chief Counsel, Drug Enforcement Administration, Administrative Law Section with exhibit, supports this statement.

1. Plaintiff states that he submitted a written Freedom of Information Act ("FOIA") request, dated November 18, 2004, to the Drug Enforcement Administration ("DEA") Office in Gainsville, Florida. Plaintiff's Complaint Exhibit A.

2. DEA Headquarters has no record of Plaintiff's November 2004 FOIA request. The DEA's Office in Gainsville, Florida is not the proper place to direct a FOIA request to the DEA. Declaration of Adele H. Odegard, ("Odegard Decl.") ¶ 6.

3. The proper place to direct FOIA requests to the DEA is set forth in 28 C.F.R. § 16.28 3(a). FOIA requests should be forwarded to the component's FOIA Office address, which also provides that "the request will be considered received as of the date it is received by the proper component's FOIA Office." Odegard Decl. ¶ 6.

4. Appendix I to part 16, 28 C.F.R., the address for receipt of FOIA requests for

records maintained by the DEA is: "Drug Enforcement Administration, U.S. Department of Justice, Washington, DC 20537-0001."  This is the address for correspondence intended for the DEA headquarters, and any item sent to this address will be routed to the appropriate office within the DEA headquarters.  The DEA's website, at www.usdoj.gov/dea/ also lists a more specific address at the DEA headquarters for receipt of FOIA requests.  Plaintiff's complaints reflects that he did not forward his November 18, 2004 request to any of the addresses listed above.  Odegard Decl. ¶ 7.

     5.     Plaintiff's Complaint states that he made a second FOIA request, to the DEA's Resident Office in Gainesville, Florida, in February 2005.  Plaintiff's attached a copy of the February 2005 request and a certified mail receipt, which showed that agent Richard D. McEnany signed for the request letter.  The February 2005 request letter and certified receipt are  attached to the Plaintiff's Complaint as Exhibits B and C.  As required by 28 C.F.R. § 16.3 (a) plaintiff's February 2005 request was not forwarded to the proper office for processing.  Odegard Decl. ¶ 9

     6.     Plaintiff's states that he appealed the DEA's failure to respond to his February 2005 FOIA request to the Department of Justice Office of Information and Privacy (OIP) on March 17, 2005.  Comp. ¶ 9-11.  On March 30, 2005, and on April 28, 2005, the OIP advised plaintiff that the DEA had no record of his request OIP also advised Plaintiff that it had forwarded a copy of his request to the DEA for action.   Odegard Decl. ¶ 10.

     7.     The DEA's records pertaining to the plaintiff's FOIA request contain the original of his March 17, 2005 appeal to OIP.  The DEA's records also contain a copy of the April 28, 2005 letter from OIP to the plaintiff, and a photocopy of the plaintiff's February 10, 2005 FOIA request.  Odegard Decl. ¶ 11.

8.   The DEA Headquarters did not receive any copy of the plaintiff's FOIA request until May 3, 2005, shortly after the second time that OIP advised the plaintiff it would forward a copy of his FOIA request to DEA.  Odegard Decl. ¶ 11.

9.   On June 9, 2005, the Chief, Operations Unit, FOI/Records Management Section (SARO) forwarded a letter to Plaintiff and advised the Plaintiff that the DEA neither confirmed nor denied the existence of any requested records.  It also instructed the Plaintiff that his request, which pertained to other individuals, could not be processed unless the Plaintiff provided either proof of death or an original notarized authorization (privacy waiver) from all individuals concerned.  The SARO letter further stated that without proof of death or a notarized authorization, that "to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy." Odegard Decl. ¶ 13, Exhibit 1.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney

BRENDA C. WILLIAMS
Paralegal Specialist

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August, 2005, a copy of the foregoing Defendant's Motion for Summary Judgment, Defendant's Statement of Material Facts Not In Genuine Dispute, and Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment, as well as the attached proposed Order, were mailed. postage prepaid to:

Clarence T. Fox, Jr.
Reg. No. 08816-017/Unit C-4
Federal Correctional Institution
Post Office Box 725
Edgefield, South Carolina 29824

                Wyneva Johnson
                Assistant United States Attorney
                Judiciary Center Building
                555 4th Street, N.W.
                Washington, D.C. 20530
                (202) 514-7224