UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE T. FOX | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-1202 (GK) |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant | ) |

## DECLARATION OF ADELE H. ODEGARD

In accordance with the provisions of 28 U.S.C. § 1746, I, ADELE H. ODEGARD, make the following declaration, under penalty of perjury, relating to the above-captioned case.

1. I am presently employed with the U.S. Department of Justice as a Senior Attorney in the Office of Chief Counsel, Drug Enforcement Administration (DEA), Administrative Law Section. I have been employed in this capacity from March 2003 to the present. As part of the normal course of my duties, I provide general legal support for the staff at the Headquarters, DEA. Among the staff sections that I support is the Freedom of Information/Privacy Act Unit, Records Management Section, Office of Administration (known within the DEA headquarters as SARO). I also provide support to assigned Assistant United States Attorneys in Freedom of Information Act (FOIA) litigation cases. To date, I have served as the Agency representative in more than a dozen FOIA litigation cases.

2. In the normal course of my duties I have access to records maintained by the DEA in the

ordinary course of business. Included among these records are records maintained in the DEA's Investigative Reporting and Filing System, as well as other records compiled for law enforcement purposes. I also have access to the records maintained by SARO reflecting its processing of requests for records made pursuant to the FOIA.

3. I am familiar with the procedures followed by the DEA, and specifically SARO, in responding to the Freedom of Information Act (FOIA)/Privacy Act(PA) requests made by individuals such as the plaintiff, Clarence T. Fox, Jr. The statements I make hereinafter are made on the basis of my review of the records maintained by the DEA, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

## **PROCESSING OF PLAINTIFF'S FOIA REQUEST**

4. I have reviewed the Complaint filed by the Plaintiff in the above-captioned case. The following facts are relevant to this action.

5. The Plaintiff's Complaint states that he submitted a written Freedom of Information Act (FOIA) request, dated November 18, 2004, to the DEA's Resident Office in Gainesville, Florida. He provided a copy of his request as Exhibit A to his Complaint.

6. The DEA has no record of his November 2004 FOIA request. As stated above, the plaintiff avers that he sent his FOIA request to the DEA's office in Gainesville, Florida. This is not the proper place to direct FOIA requests to the Drug Enforcement Administration. As set out in 28 C.F.R. § 16.3(a), FOIA requests should be sent to the component's FOIA office address listed in Appendix I to part 16 [of 28 C.F.R.]. This provision also states: "your request will be considered received as of the date it is received by the proper component's FOIA office."

7. Appendix I to part 16, 28 C.F.R., lists the address for receipt of FOIA requests for records maintained by the DEA as: "Drug Enforcement Administration, U.S. Department of Justice, Washington, DC 20537-0001." This is the address for correspondence intended for the DEA headquarters, and any item sent to this address will be routed to the appropriate office within the DEA headquarters. The DEA's website, at www.usdoj.gov/dea/ also lists a more specific address at the DEA headquarters for receipt of FOIA requests. As the plaintiff's Complaint reflects, neither of these addresses is the address to which the plaintiff sent his November 18, 2004 FOIA request.

8. There is no record that the DEA ever received the plaintiff's November 2004 FOIA request, which, as noted in the paragraph above, was not sent to the proper office of the DEA. The plaintiff does not aver that he administratively appealed any part of his November 2004 request to OIP. An administrative appeal is a necessary prerequisite to filing a Complaint in District Court alleging an Agency's wrongful withholding of records requested under the FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(1).

9. The plaintiff's Complaint states that he made a second FOIA request, also to the DEA's Resident Office in Gainesville, Florida, in February 2005. He attached a copy of the request at His Complaint states that he made this request by certified mail, and that "Agent Richard D. McEnany signed for the request letter." As Exhibits B and C, respectively, to his Complaint he includes a copy of his request letter and the certified mail receipt. Once again, it is noted that the plaintiff's FOIA request was not directed to an Office equipped to manage FOIA requests. Richard D. McEnany is a former employee of the DEA. He was not assigned to the DEA headquarters, and handling FOIA requests was not one of his responsibilities.

10. The plaintiff's Complaint, paragraphs 9 through 11, states that on March 17, 2005, he appealed the DEA's failure to respond to his February 2005 FOIA request to the Department of Justice Office of Information and Privacy (OIP). He attached a copy of his appeal at Exhibit D. The OIP is the appellate authority for FOIA requests made to Department of Justice components such as the DEA. On March 30, 2005, and on April 28, 2005, the OIP advised the plaintiff that the DEA had no record of his FOIA request, but had forwarded to the DEA a copy of his request for DEA's action. Copies of the letters OIP sent the plaintiff are attached to his Complaint at Exhibit E.

11. The DEA's records pertaining to the plaintiff's FOIA request contain the original of his March 17, 2005 appeal to OIP, as well as the envelope in which he sent his appeal. The DEA's records also contain a copy of the April 28, 2005 letter from OIP to the plaintiff, as well as a photocopy of the plaintiff's February 10, 2005 FOIA request. One of the pages (the copy of the OIP's letter to the plaintiff) is stamped "DEA FOIA/PA, 3 May 05."

12. From the foregoing, it appears that the DEA did not receive any copy of the plaintiff's FOIA request until May 3, 2005, shortly after the second time that OIP advised the plaintiff it would forward a copy of his FOIA request to DEA.

13. On June 9, 2005, the Chief, Operations Unit, FOI/Records Management Section (SARO) sent the Plaintiff a letter to the address the Plaintiff had provided in his FOIA request. This letter advised the Plaintiff that the DRA neither confirmed nor denied the existence of any requested records. It also instructed the Plaintiff that his request, which pertained to other individuals, could not be processed unless the Plaintiff provided either proof of death or an original notarized

authorization (privacy waiver) from all individuals concerned. The SARO letter also stated that without proof of death or a notarized authorization, "to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy,." and cited exemptions (b)(6) and (b)(7)C of the FOIA. Lastly, the letter informed the Plaintiff that he could appeal the DEA's response to the Office of Information and Privacy (OIP), and provided the address for appeals to be sent. A copy of SARO's letter to the Plaintiff is at Exhibit 1.

14. It is not known whether the plaintiff received a copy of the SARO's letter before he filed his District Court complaint. His District Court complaint was filed on June 20, 2005. There are no documents in the record reflecting that the plaintiff responded to SARO's letter. The plaintiff's District Court complaint cites the FOIA in general terms, but otherwise asserts no reason for DEA to overcome the privacy interests of these named individuals and release documents to the plaintiff. The Complaint does not mention SARO's letter to the plaintiff.

### DISCUSSION OF DEA'S RESPONSE TO PLAINTIFF'S FOIA REQUESTS

15. In processing the plaintiff's FOIA request DEA construed it as a request for information about third parties. In his request the plaintiff specifically seeks records relating to the "informant history" of three named individuals, as well as other documents relating to these named individuals, including any statements that two of them may have made.

16. Any information responsive to the plaintiff's FOIA request that would relate to these individuals named in the plaintiff's FOIA request, if it exists, is data compiled by a law enforcement agency for law enforcement purposes. The DEA is a law enforcement agency and is

a component of the United States Department of Justice. Its mission is to enforce the laws and regulations of the United States relating to illegal drugs and other controlled substances (Title 21, United States Code). *See generally* 28 C.F.R. § 0.100-101.

17. If an individual were an informant for the Drug Enforcement Administration, the information that person provides would be memorialized in a DEA Report of Investigation (ROI), DEA Form 6. DEA ROIs are contained in criminal investigative files. All criminal investigative case files are maintained in the DEA Investigative Reporting and Filing System (IRFS). Other information regarding DEA confidential sources is contained in confidential source files maintained in the DEA Operations Files system.

18. DEA uses the "neither confirm nor deny" response to provide maximum protection, privacy, and confidentiality to third parties, and not to mislead requesters. As stated above, DEA neither confirmed nor denied that any of the three named individuals listed in the plaintiff's FOIA request are DEA informants or that records relating to any of them exist in any DEA system of records.

19. Both the Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008 and the Operations Files system, JUSTICE/DEA-011, are Privacy Act Systems of Records. The Attorney General promulgated rules exempting the IRFS and the Operations Files from the access provisions of the PA, pursuant to 5 U.S.C. § 55a(j)(2). *See* 28 C.F.R. § 16.98 (2004).

20. The DEA employs a "neither confirm nor deny" response regarding requests for law enforcement information on third parties in order to protect the privacy interests of those individuals, pursuant to FOIA exemptions (b)(6) and (b)(7)(C) and the Privacy Act,

5 U.S.C. §552a.. Merely confirming that an individual is mentioned in a DEA law enforcement records system is a disclosure under the Privacy Act. Due to the nature of the DEA's mission, such confirmation can have a stigmatizing or embarrassing effect, because it connotes either that an individual came to the attention of the DEA due to suspicion of criminal conduct or that he or she may have assisted the DEA as an informant. As a result, simply confirming that the DEA has records on an individual in its possession would constitute an unwarranted invasion of the individual's privacy.

21. The DEA has found that this response to "neither confirm nor deny" provides the best protection of the privacy of those individuals about whom records are sought by third-party FOIA requesters. The use of "neither confirm nor deny" is distinct from a "no record" response. The DEA typically uses "no record" as a response where, in fact, a search has been undertaken and no records could be located based upon the requester's description of the record; or the records requested are not "agency records" as defined in the FOIA; or a response would disclose the existence of an investigation to an individual who was not aware of its existence; or the situation otherwise fell within the FOIA's exclusions set out in subsections (c)(1), (c)(2), or (c)(3).

22. By informing the plaintiff that he was required to provide a written authorization or proof of death relating to any of the third parties about whom he sought information, the DEA provided a mechanism whereby the plaintiff could demonstrate that the privacy interests of the individuals concerned was reduced or waived. He did not do so. Consequently, there is no reason for the DEA to presume that the privacy interests of any of these individuals is diminished in any way.

23. It is presumed that a disclosure to the FOIA requester is a disclosure to the public at large.

The plaintiff sought information about others. When assessing FOIA requests, the DEA does not take into consideration the status of the requester or any asserted reason the requester seeks the information. The fact that the individuals about whom the plaintiff sought information may have been informants or may have testified against him at his trial is of no moment in assessing a balance between the plaintiff's right to access and the individuals' right to privacy.

24. The plaintiff's FOIA request includes a request that the DEA search all its filing systems pertaining to the prosecution of the plaintiff with regard to the subject matter of his FOIA request. The subject of his FOIA request is not the plaintiff himself, but, rather, is the three individuals about whom he has requested information. In acknowledging the plaintiff's FOIA request on June 9, 2005, the DEA inferred that the plaintiff was not seeking information about himself, but rather was seeking only information about these other persons. It was for this reason that the DEA never conducted a search of its records to determine whether the DEA was in possession of any records relation to the plaintiff personally.

25. The SARO's inference that the plaintiff was seeking only information about third parties is correct. This inference is supported by the fact that the plaintiff's administrative appeal to OIP (Plaintiff's Exhibit D) and his Complaint filed in District Court relate solely to the DEA's failure to provide him with records about the three named individuals. Neither the administrative appeal nor the District Court complaint aver that the DEA denied the plaintiff information about himself.

I affirm that the information provided is true, complete, and correct. See 28 U.S.C. § 1746.

This Declaration consists of twenty-five (25) numbered paragraphs and nine (9) numbered pages, including this signature page.

_August 10 2005_                                    _Adele H. Odegard_

Date                                                        ADELE H. ODEGARD